IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. AIMAL KHAN | : | 1:11-cv-128 |
| | : | |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PENN STATE - MILTON S. | : | |
| HERSHEY MEDICAL CENTER | : | |
| PENN STATE COLLEGE OF | : | |
| MEDICINE, | : | |
| Defendant. | : | |

**MEMORANDUM**

**July 31, 2013**

Presently before the Court is Defendant Milton S. Hershey Medical Center's Motion for Summary Judgment (Doc. 103). For the reasons set forth below, the motion shall be granted.

## I.     PROCEDURAL HISTORY

On January 18, 2011, Plaintiff Aimal Khan ("Khan") filed a Complaint (Doc. 1) against Penn State - Milton S. Hershey Medical Center Penn State College of Medicine ("Hershey Medical Center"). Khan filed an Amended Complaint (Doc. 19) on May 16, 2011, and a Second Amended Complaint (Doc. 24) on June 13, 2011.

On June 17, 2011, Defendant filed a Motion to Dismiss (Doc. 26), which we granted in part and denied in part, dismissing all counts with the exception of Count I alleging retaliation in violation of the Family and Medical Leave Act ("FMLA"). (Doc. 43).

Defendant filed a Motion for Summary Judgment (Doc. 103) on April 11, 2013 and a brief in support thereof (Doc. 108) on April 12, 2013. Plaintiff filed three motions for extension of time to respond (Docs. 109, 113, 115) which were granted. In our Order granting Plaintiff's third time extension (Doc. 117), we explicitly informed Plaintiff that it was his "last chance" and that "this shall be the final extension." Despite having over 100 days to file an opposition brief, Plaintiff failed to do so. We denied Plaintiff's fourth motion for extension of time (Doc. 118), deeming Defendant's Motion for Summary Judgment to be unopposed and Defendant's Statement of Facts (Doc. 107) to be admitted. (Doc. 121). Thus, the pending motion has been fully briefed and is ripe for disposition.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed

in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III.  FACTUAL BACKGROUND [1]

Aimal Khan earned a Bachelor of Science degree from The College of New Jersey in May 1997 and a Doctor of Medicine degree from the University of Medicine and Dentistry of New Jersey in September 2003. (Doc. 107 ¶¶ 3, 4). Khan began a residency in psychiatry at New York Medical College ("NYMC") on July 1, 2002, but he did not successfully complete his residency program. (Doc. 107 ¶¶ 6, 7). On February 15, 2003, he was placed on academic probation. (Doc. 107 ¶ 10). On May 28, 2003, he was issued a written warning concerning his excessive lateness and poor attendance. (Doc. 107 ¶ 11). He continued to be

---

[1] Facts are derived from Defendant's unopposed Statement of Facts (Doc. 107).

on academic probation and was issued a second written warning for attendance problems on February 2, 2004. (Doc. 107 ¶¶ 12, 13). On October 26, 2004, Khan was informed that he would not be continued in the NYMC residency program after July 1, 2005. (Doc. 107 ¶ 14). Khan received 26 months of credit from NYMC toward completion of his residency training in psychiatry. (Doc. 107 ¶ 18). While at NYMC, Khan took Step 3 of the United States Medical Licensing Examination ("USMLE"). (Doc. 107 ¶ 9). This is the final examination in the USMLE sequence leading to a license to practice medicine without supervision. Khan failed the examination. (Doc. 107 ¶ 9).

On May 12, 2006, Khan was offered a position as a Resident II in the Department of Psychiatry at Hershey Medical Center, with the expectation that he would take part in the Child and Adolescent Psychiatry Residency Training Program from July 1, 2006 to April 30, 2008, after which he would enter the Adult program on July 1, 2008 and complete that program, ending his residency, by June 30, 2009. (Doc. 107 ¶¶ 19-21). Khan executed a document acknowledging that residents are expected to take the USMLE Step 3 examination no later than six months into their Resident II year and that reappointment and progression from Resident II to Resident III status is contingent upon passing the exam. (Doc. 107 ¶ 22). In September 2006, Khan was placed on an academic remediation plan due to

5

concerns about his clinical performance, clinical judgment, documentation, and time management skills. (Doc. 107 ¶ 54). Khan took the USMLE Step 3 exam for a second time in October 2006 and failed. (Doc. 107 ¶ 24). However, he requested and received an exception to the Hershey Medical Center's policy so that he could be considered for another year of residency despite not having passed the test. (Doc. 107 ¶ 25).

Khan's appointment as a Resident II was renewed for the period beginning May 1, 2007 and ending April 30, 2008. (Doc. 107 ¶ 26). The agreement stated that "per the current USMLE 3 Policy, failure to pass USMLE 3 by December 15, 2007 will result in your dismissal from the program." (Doc. 107 ¶ 26). Khan failed the USMLE Step 3 exam for a third time in July 2007. (Doc. 107 ¶ 29).

On October 26, 2007, Khan requested and was granted leave under the Family and Medical Leave Act ("FMLA"). (Doc. 107 ¶¶ 45, 48). Khan was afforded FMLA leave continuing through January 18, 2008, representing the full twelve week of leave provided for under the FMLA. (Doc. 107 ¶ 50). Khan took the USMLE Step 3 exam for the fourth time in early November 2007. (Doc. 107 ¶ 46). Khan was notified on December 20, 2007 that his residency contract would end on April 30, 2008 and would not be renewed because he had not yet passed the examination. (Doc. 107 ¶ 32). At the expiration of the FMLA leave period, Khan

was placed on extended medical leave as he had not yet been fully released to work by his treating physician and had not passed the USMLE Step 3 exam. (Doc. 107 ¶ 51).

On or about April 30, 2008, Khan received notice that he had passed the USMLE Step 3 exam on his fourth attempt and subsequently sought to renew his residency contract with the Hershey Medical Center. (Doc. 107 ¶ 33). Khan and the Hershey Medical Center agreed that he would be extended a contract to return as a Resident III for the period of November 17, 2008 through November 16, 2009. (Doc. 107 ¶ 39). It was envisioned at the time that Khan would complete his final year of training in the Adult Program by November 16, 2009 and then reenter the Child and Adolescent Program on November 17, 2009 with a completion date of June 30, 2010. (Doc. 107 ¶ 41). Khan completed the Adult Program and signed a renewal contract for the period of November 17, 2009 through June 30, 2010 as a Resident IV to complete the Child and Adolescent Program. (Doc. 107 ¶¶ 42, 43). However, he never completed the Child and Adolescent Program. (Doc. 107 ¶ 44).

On December 21, 2009, Khan met with the Child and Adolescent Program's Interim Director to discuss deficiencies in Khan's performance, including lack of completion of materials, excessive lateness, and lack of attendance. (Doc. 107 ¶¶ 57, 58). Subsequently, the Residency Training Committee determined that Khan

should be placed on a Remediation Plan which would require him to timely complete evaluations and attend clinical, work, rotations, and lectures. (Doc. 107 ¶ 63). Khan was presented with the plan on February 25, 2010 and informed that failure to follow the plan could result in his not graduating from the program. (Doc. 107 ¶ 64). Khan did not comply with the plan. (Doc. 107 ¶ 65). Throughout March and April of 2010, Khan was advised multiple times of delinquent evaluations, overdue treatment plans, chart deficiencies for several of his patients, and his failure to provide patient logs. (Doc. 107 ¶¶ 67-73). On April 22, 2010, Khan failed to show for Sleep Clinic. (Doc. 107 ¶ 74). As of April 26, 2010, Khan had not provided any of his duty hours for the months of January, February, March, or April 2010. (Doc. 107 ¶ 75). As of May 3, 2010, Khan's uncompleted evaluations stretched back to November 2009 and he still had not provided his outstanding duty hours and patient logs. (Doc. 107 ¶ 79).

Khan was provided with a summary of missing patient documentation on May 19, 2010 and on May 21, 2010 he was advised that his work did not meet the necessary standards required by the program. (Doc. 107 ¶¶ 80, 81). He was told that he had not successfully completed the Child and Adolescent Program, that his contract would terminate effective June 30, 2010, and that the time period of November 16, 2009 through June 30, 2010 would not count toward his fellowship

training or board certification. (Doc. 107 ¶ 82). Khan continued to work through

June 30, 2010 and received full salary and benefits for that time period. (Doc. 107

¶ 83). Khan appealed his dismissal, but after a hearing the Appeal Board

recommended that his appeal be denied. (Doc. 107 ¶¶ 84, 86, 87). Khan's appeal

made no mention of any alleged retaliation for his use of FMLA leave from

October 26, 2007 through January 18, 2008. (Doc. 107 ¶ 85). On August 6, 2010,

after meeting with Khan, Dr. Harold Paz, CEO of Hershey Medical Center and

Senior Vice President for Health Affairs and Dean, affirmed the denial of Khan's

appeal. (Doc. 107 ¶ 85).

## IV. DISCUSSION

As noted above, Defendant's Motion for Summary Judgment is unopposed

by the Plaintiff. Despite that lack of opposition, we have conducted an

examination of the evidence and we now find that Plaintiff has failed to present a

*prima facie* case of retaliation under the FMLA.

Employers are prohibited from discriminating or retaliating against

employees for exercising their rights under the FMLA. 29 U.S.C. § 2615(a)(1, 2).

To establish a prima facie case for retaliation under the FMLA, a plaintiff must

show that (1) he took FMLA leave, (2) he suffered an adverse employment

decision, and (3) the adverse decision was causally related to his leave. *Conoshenti*

*v. Public Service Electric & Gas Comp.,* 364 F.3d 135, 146 (3d Cir. 2004).

Retaliation claims are analyzed under the burden-shifting framework of

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under that framework,

the Plaintiff bears the initial burden of pointing to evidence in the record sufficient

to create a genuine factual dispute about each of the three elements of his claim; if

he can do so, the burden shifts to the Defendant to articulate a legitimate reason for

its decision.  *Id*. at 802.  If the Defendant meets this minimal burden, Plaintiff

"must point to some evidence, direct or circumstantial, from which a factfinder

could reasonably ... disbelieve [Defendant's] articulated, legitimate reasons."

*Lichtenstein v. Univ. of Pittsburgh Medical Center*, 691 F.3d 294, 302 (3d Cir.

2012).  Here, Plaintiff has not presented any evidence suggesting that any adverse

decision was causally related to his leave.

The first potential adverse decision that Plaintiff could cite is his being

placed on unpaid leave on January 19, 2008 following the conclusion of his twelve

weeks of FMLA leave.  However, Defendant has provided ample evidence

showing that Khan was placed on leave because he had not been released to work

by his treating physician and that Khan knew and acknowledged that his failure to

pass the USMLE Step 3 examination by December 15, 2007 would result in his

dismissal from the program.  Plaintiff has failed to point to any evidence, direct or

circumstantial, which could cause a reasonable factfinder to disbelieve Defendant's proffered legitimate reason for placing Khan on unpaid medical leave and declining to renew his residency contract. There is no evidence whatsoever that Defendant's legitimate reason is merely a pretext for retaliation. In addition to failing on the merits, Plaintiff's claims based on these events also fall outside the applicable two (2) year statute of limitations. *See* 29 U.S.C. § 2617(c)(1).

The second potential adverse action that Plaintiff could cite is Defendant's failure to renew his residency contract in June of 2010. To any extent that this failure to renew could be considered an adverse employment action, Defendant has provided significant evidence that there was a legitimate nonretaliatory reason for failing to renew Khan's contract and denying him time credit towards fellowship training and/or board certification. Defendant has averred, and Plaintiff has admitted through his lack of response, that Plaintiff's conduct as a resident was woefully deficient in a variety of ways. The end of Khan's time at the Hershey Medical Center came over two years after his return from FMLA leave; far too long to create an inference of causation. Plaintiff has failed to point to any evidence, direct or circumstantial, which could cause a reasonable factfinder to disbelieve Defendant's proffered legitimate reason for its actions. Again, there is no evidence whatsoever that Defendant's legitimate reason is merely a pretext for

retaliation.  Thus, Plaintiff has failed to present a *prima facie* case of FMLA retaliation.

## V.  CONCLUSION

For the foregoing reasons, we shall grant Plaintiff's Motion for Summary Judgment.  An appropriate order shall issue.